THOMPSON•KRONE•GIBSON, P.L.C.
6303 East Tanque Verde Road
Suite 210
Tucson, AZ 85715
(520) 884-9694
FAX: (520) 323-4613
Scott D. Gibson, PCC 20430, State Bar No. 007395
sdgecf@lawtkg.com
*Attorneys for Debtors*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re<br><br>AARON COLE RUBIN AND JESSICA MARIE RUBIN<br><br>Debtors. | In Proceedings Under Chapter 11<br><br>CASE NO. 4:13-bk-01496-BMW<br><br>**INDIVIDUAL DEBTORS' DISCLOSURE STATEMENT IN SUPPORT OF PLAN OF REORGANIZATION** |

Attached hereto as Exhibit "A" is a chapter 11 plan (the "Plan") proposed by the above-named individual Debtors. The Debtors attest that the information stated in this Disclosure Statement and the Plan is accurate. All creditors should refer to Articles I-IV of the Plan for the specific treatment of their claims. This Disclosure Statement is explanatory only; the language used in the Plan is binding. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one.**

**EFFECTIVE DATE OF THE PLAN:** The Effective Date of the Plan is 14 days following the date of entry of the order confirming the Plan unless a stay of the confirmation order is in effect, in which case the Effective Date will be the first business day after the date on which the stay of the confirmation order has been lifted, provided that the confirmation order has not been vacated.

I. **PROPOSED TREATMENT OF CLAIMS**

　　A. **Unclassified Claims Including Administrative Priority Claim, Priority Tax Claims, and Gap Claims**

Holders of administrative priority claims are entitled to priority pursuant to § 507(a)(2) of the Bankruptcy Code including (i) professional fees and costs; (ii) United States Trustee's fees; and

(iii) postpetition domestic support obligations. Such claims shall be paid in full on, or as soon as practicable after, the Effective Date or upon allowance of such claim, whichever is later.

Holders of priority tax claims are entitled to priority under § 507(a)(8). Such claims shall be paid in full over five years from the date of the entry of the order for relief with statutory interest in equal monthly amortized payments according to § 511 of the Bankruptcy Code. See Article I.C. of the Plan.

**B.** **Secured Creditors**  (Classes 2, 3, 4, 5 and 6)

See Article II of the Plan.

**C.** **Priority Unsecured Creditors**

None

**D.** **General Unsecured Creditors (Classes 7(a) and 7(b)**

☐ Class 7(a): A creditor whose allowed claim is $_____ or less or who elects to reduce its allowed claim to $_____ will receive a single payment equal to 100% of its allowed claim on, or as soon as practicable after, the Effective Date of the Plan. See Article II of the Plan.

☒ Class 7(b): Under § 1129(a)(15), if an unsecured creditor objects to confirmation, an individual debtor must either pay the present value of that unsecured claim in full or make distributions under the plan totaling at least the value of the debtor's net disposable income over the greater of (a) five years or (b) the period for which the plan provides payments. However, § 1129(a)(15) should be read and applied n conjunction with § 1123(a)(4) which provides that a chapter 11 plan must provide the same treatment for each claim in the same particular class. See Article II of the chapter 11 Plan.

Undisputed Class 7 claims, as of this date, are listed in Exhibit "B" to the Disclosure Statement. Undisputed general unsecured creditors shall receive an annual pro rata distribution of the Debtors' net disposable Income

### E. Executory Contracts and Unexpired Leases

(1) <u>Executory Contracts and Leases Assumed</u>. On the Effective Date, the Debtors shall assume the executory contracts and unexpired leases enumerated in Exhibit "C" to the Disclosure Statement and shall perform all obligations thereunder, both preconfirmation and postconfirmation.

Any preconfirmation arrearages shall be paid by the Effective Date, unless the parties agree otherwise or the court finds that a proposed payment schedule provides timely cure and adequate assurance of future performance. Postconfirmation obligations will be paid as they come due.

(2) <u>Executory Contracts and Leases Rejected</u>. The Debtors are conclusively deemed to have rejected all executory contracts and/or unexpired leases not previously assumed or listed in Exhibit "C" to the Disclosure Statement as of the Effective Date. Claims arising from the rejection of an executory contract or unexpired lease under this section are general unsecured claims in Class 7, except to the extent this court orders otherwise. A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan.

### F. Discharge

Upon completion of the payments under the Plan, the Debtors may receive a discharge of preconfirmation debts, except such discharge shall not discharge the Debtor from any debts that are nondischargeable under § 523 or are obligations created by this Plan. The payments promised in the Plan constitute new contractual obligations that replace the preconfirmation debts proposed to be discharged. Creditors may not sue to collect on these obligations so long as the Debtors are not in material default under the Plan. If the Debtors materially default in performing the Plan, affected creditors may sue the Debtors to enforce the terms of the Plan or to dismiss this case or to convert it to a case under chapter 7 of the Bankruptcy Code. See Article VI of the Plan.

## II. VOTING ON CONFIRMATION OF PLAN

**A. Who May Vote:** Only impaired creditors are entitled to vote (*see § 1124*). A creditor is entitled to vote on confirmation of the Plan unless (i) the creditor's class is unimpaired (presumed to

Case 4:13-bk-01496-BMW    Doc 37    Filed 06/03/13    Entered 06/03/13 11:36:46    Desc
Main Document    Page 3 of 8

3

accept the Plan) or is to receive no distribution (presumed to reject the Plan); (ii) an objection has been filed to that creditor's claim; (iii) that creditor's claim is scheduled by the Debtors as contingent, disputed, unliquidated or unknown and the creditor has not filed a proof of claim; or (iv) the claim is unclassified (and thus required by law to be paid in full).  A creditor whose claim has either been objected to or has been scheduled by the Debtors as contingent, disputed, unliquidated or unknown or who has not filed a proof of claim, and who wishes to vote, must move to have it claim allowed for voting purposes by filing a motion for such relief in time for that motion to be heard before the hearing on confirmation of the Plan.  A creditor whose claim has been allowed in part as a secured claim and in part as an unsecured claim is entitled to accept or reject a Plan in each capacity by delivering one ballot for the secured part of the claim and another ballot for the unsecured portion of the claim.

**B.** **How to Vote:** A voting creditor must fill out and return the attached ballot so that it is received by the Plan proponent no later than _____ at the following address:

> Scott D Gibson
> Thompson Krone Gibson, PLLC
> 6303 E Tanque Verde Rd, Suite 210
> Tucson, AZ  85715

**C.** **Effect of Vote:** The Plan will be confirmed only if (i) it is accepted by each impaired class, or (ii) it is accepted by at least one impaired class exclusive of insiders (as defined by § 101(31) and the court determines that the Plan is "fair and equitable" (as defined by § 1129(b)) to all rejecting classes of creditors, and it meets all of the other criteria required for confirmation.  A class of creditors accepts the Plan if it is accepted by a majority in number and at least two-thirds in dollar amount of the creditors in that class timely voting.

**III.** **SOURCE(S) OF PAYMENTS UNDER THE PLAN**

The Debtors intend to make the payments required under the Plan from the following sources:

**A.** **Available Cash.** Debtors project $_____ cash will be available on the Effective Date.

**B.** ☐ **Sale of Assets.** A sale of property described in the Plan, which the Debtors estimate will produce $_____.

**C.** ☒ **Future disposable income.** The Debtors estimate that projected monthly disposable income available to creditors for the five year period following confirmation will be $6,600.[1] This is based on the monthly income of $10,750 and expenses of $10,530. This projection is not consistent with Debtors' average monthly income for the six months prior to this case of $10,750, as set forth in the Debtors' Statement of Current Monthly Income (Official Bankruptcy Form 22B) filed with this court for the reasons set forth below:

> In Mid-March, Debtor Aaron Rubin was laid off from his employment. He has since obtained another job at half his previous salary.

**D.** ☐ **Other sources of funding** are explained as follows:
_____
_____
_____
_____
_____

**Risk Factors**

The proposed Plan has the following risks (*explain, e.g., sale falls through, debtor loses employment/business, illness)*: See Section C above

_____
_____
_____

**IV. LIQUIDATION ANALYSIS**

The Debtors' Schedules A and B, that may have been amended for the purposes of this Disclosure Statement, are attached hereto as Exhibit "D." The Debtors have calculated the liquidation value of each asset as shown below. The Debtors arrived at the net liquidation values that are subject to liens by deducting from the value of the assets the amount of the secured liens and any applicable sales costs, fees, and taxes.

---

[1] Under § 1123(a)(8), the plan of an individual debtor shall "provide for payment to creditors . . . of all or such portion" of postpetition personal

| | |
|---|---|
| Net liquidation value of Debtors' assets | $ 6,500[2] |
| Less estimated chapter 7 trustee expenses | $ 1,125 |
| Less administrative claims and priority tax claims | $ 0 |
| Less Other Priority Claims (see Article II of Plan) | $ 0 |
| Liquidation value available to general unsecured creditors | $ 3,375 |
| **Estimated amount general unsecured creditors would receive under Debtors' proposed Plan** | **$6,600** |

## V. FEASIBILITY

The Plan cannot be confirmed unless the court finds it feasible. A Plan is feasible if confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtors, unless such liquidation or reorganization is proposed in the Plan.

<u>Feasibility by the Effective Date</u>. The Debtors estimate that they will have sufficient cash on hand on the Effective Date to pay all claims and expenses entitled to be paid in cash on such date, as shown below.

| | |
|---|---|
| Cash Debtor will have on hand by Effective Date: | $ 3,000 |
| **Less:** | |
| Administrative claims: | - $ 3,000 |
| Statutory costs and changes: | - $ |
| Other Plan payments payable on Effective Date; | - $ |
| Balance after paying these amounts: | $ 0 |

The sources of cash the Debtors will have on hand by the Effective Date, as shown above are:

---

services income "as is necessary for execution of the plan."
[2] The Debtors held cash or deposit of approximately $15,500 on the Petition Date. Of that sum, $4,500.00 was rents from properties which constitute "cash collateral" within the meaning of Bankruptcy Code § 363 and which are subject to the liens of various secured creditors. An additional portion of these funds, in the sum of $4,500, represent security deposits from tenants  These funds, therefore, are not available for distribution to unsecured creditors.

| | | |
|---|---|---|
| Cash on hand: | $ | 0 |
| Sale of Assets: | $ | 0 |
| Additional cash the Debtors will accumulate from projected disposable income between now and the Effective Date: | +$ | 6,600 |
| Borrowing from:_____ | +$ | 0 |
| Other:_____ | +$ | 0 |
| **Total:** | **$** | **6,600** |

<u>Feasibility over the life of the Plan</u>.  The Debtors have, and project that the Debtors will receive, enough cash over the life of the Plan to make the required Plan payments based on the sources described above.

DATED this 3rd day of June, 2013.

**THOMPSON•KRONE•GIBSON, P.L.C.**

By: /s/ Scott D. Gibson (007395)
    Scott D. Gibson
    *Attorneys for Debtors*

| | |
|---|---|
| 1 | CERTIFICATE OF SERVICE |
| 2 | Original electronically filed and copies of the foregoing served via the Court's CM/ECF Notification System this 3rd day of June, 2013, on all Electronic Case Filing Participants that have appeared in the above-captioned case, or U.S. Mail to parties not registered through CM/ECF. |

Renee Sandler Shamblin
United States Trustee
230 N. First Ave., Suite 204
Phoenix, AZ 85003

Pite Duncan, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Attorneys for GMAC and Bank of America

Jason P. Sherman
Kristin E. Wick
Shapiro, Van Ess and Sherman, LLP
File 13-018442 GRT
3636 N. Central Ave., Suite 400
Phoenix, AZ 85012
Attorneys for Green Tree Servicing, LLC

Green Tree Servicing, LLC
1400 Turbine Drive
Rapid City, SD 57701
Creditor


By: /s/ Maria Calderon