THIS ORDER IS APPROVED.

Dated: September 4, 2013

Brenda Moody Whinery, Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

In re:

AARON COLE RUBIN AND JESSICA MARIE RUBIN

Debtors.

Chapter 11

Case No. 4:13-bk-01496

**ORDER FOR AN AMENDED DISCLOSURE STATEMENT**

Aaron Cole Rubin and Jessica Marie Rubin ("Debtors") filed a Disclosure Statement on June 3, 2013 (Docket No. 37), to which no objections have been filed. A hearing was conducted, the Court has reviewed the Disclosure Statement and the applicable law, and now the Court issues its ruling concerning the adequacy of the Disclosure Statement.

Disclosure statements are governed by 11 U.S.C. § 1125. Their purpose is set forth both in the legislative history and in the statute itself. The disclosure statement is intended to give such additional information as will assist a typical creditor, in a particular class, to make an informed judgment as to how it will vote on a proposed plan. 11 U.S.C. § 1125(a)(1).

In addition to reviewing the plan itself with respect to the adequacy of the information furnished, the Court also must consider its audience. In that regard, § 1125(a)(2) states that the disclosure statement must be meaningful to an "investor typical of holders of claims or interests of the relevant class." In determining whether an investor is "typical," the relevant considerations are: (1) whether the investor has claims in the particular class; (2) whether the investor has a relationship to the debtor as such claimants generally have; and (3) whether the creditor has the ability to obtain information from sources other than the disclosure statement.

In determining the adequacy of a disclosure statement, Courts generally follow the guidelines set forth in <u>In re A.C. Williams Co.</u>, 25 B.R. 173, 176 (Bankr. N.D. Ohio 1982). An adequate disclosure statement primarily requires that creditors be given the information needed to determine whether to accept or reject a plan. <u>In re Monnier Bros.</u>, 755 F.2d 1336, 1342 (8th Cir. 1985); <u>In re Diversified Investors Fund XVII</u>, 91 B.R. 559 (Bankr. C.D.Cal. 1988).

In this case, the Court concludes that the Disclosure Statement does not comply with the guidelines set forth in <u>A.C. Williams Co.</u> as indicated on Exhibit A attached hereto.

IT IS ORDERED that Debtor shall make the changes enumerated on Exhibit A, and shall file an Amended Disclosure Statement within fifteen (15) days of the entry of this Order.

IT IS FURTHER ORDERED that Debtor shall, in addition to filing an Amended Disclosure Statement, deliver to chambers a copy of the Amended Disclosure Statement that is red-lined or otherwise marked to indicate the changes that have been made in order to conform to this Order. You must notify my law clerk and/or courtroom deputy by phone or email to inform us that the redlined/amended disclosure statement has been sent. Thereafter, this Court will review the red-lined copy of the Amended Disclosure Statement and, if such changes are deemed adequate, the Court will notify you that the Amended Disclosure Statement is approved. You may then obtain a hearing date from the courtroom deputy and upload an order approving the disclosure statement and setting the matter for confirmation.

If you fail to notify us and/or file a redlined/amended disclosure statement within the fifteen day time frame, your case may be dismissed or converted.

DATED AND SIGNED ABOVE.

Notice to be sent through the
Bankruptcy Noticing Center ("BNC")
to the following:

Aaron Cole Rubin and Jessica Marie Rubin
2625 E. Prince Road
Tucson, AZ 85716

Scott Gibson
Thompson Krone Gibson, P.L.C.
6303 East Tanque Verde Road, Suite 210
Tucson, AZ 85715

U.S. Trustee
230 N. First Ave., Suite 204
Phoenix, AZ 85003

**EXHIBIT A**

The Court has indicated those areas of disclosure that are present in the Disclosure Statement, and has left a blank with respect to those areas that are absent. More importantly, the Court has provided comments with respect to those areas of disclosure that are either absent OR inadequate. COUNSEL SHOULD ADDRESS ALL COMMENTS in the amended disclosure statement.

A.C. WILLIAMS FACTORS PRESENT:

| | |
|---|---|
| _X_ | Incidents that led to filing Chapter 11 |
| _X_ | Description of available assets and their value |
| (1) | The anticipated future of the debtor |
| (3) | The source of information of the disclosure statement |
| (3) | A disclaimer |
| _X_ | The present condition of the debtor in Chapter 11 |
| _X_ | A listing of the claims scheduled |
| (2) | A liquidation analysis |
| (4) | The identity of the accountant and the process used to value the properties |
| _X_ | The future management of the debtor |
| _X_ | A plan is attached |
| _X_ | A summary of the plan of reorganization |
| (5) | An estimate of all administrative expenses, including attorneys' fees |
| (1) | The collectability of any accounts receivable |
| (1) | Financial information relevant to a creditor's decision whether to accept/reject |
| _X_ | Information relevant to the risks being taken by creditors |
| (6) | Value, if any, that may be obtained by avoiding pre-petition transfers |
| (6) | Existence, likelihood, and possible success of non-bankruptcy litigation |

 (6)    Tax consequences of the plan

 X    Relationship of the debtor with affiliates, if any

In re A.C. Williams, 25 B.R. 173 (Bankr. N.D. Ohio 1982)

Additional details under the A.C. Williams standard:

(1) The Amended Disclosure Statement must explain in greater detail the anticipated future of the Debtors, including a more detailed description of new employment and the collectability of the Debtors' accounts receivable on the properties rented out.

(2) The Amended Disclosure Statement must include a more detailed description of the source and method of valuation used in the liquidation analysis.

(3) The Amended Disclosure Statement must identify the source of information provided in the document and a disclaimer about statements regarding Debtors.

(4) The Amended Disclosure Statement must identify the accountant or accounting method used to prepare the document, if any.

(5) The Amended Disclosure Statement must include a specific estimate of administrative expenses, including attorney's fees.

(6) The Amended Disclosure Statement must address: (a) any prepetition transfer that may be avoided; (b) the existence and likely outcome of any non-bankruptcy litigation; and (c) the tax consequences of the plan.

IN ADDITION TO THE FOREGOING: