# EXHIBIT "A"

1 | THOMPSON•KRONE•GIBSON, P.L.C.
6303 East Tanque Verde Road
2 | Suite 210
Tucson, AZ 85715
3 | (520) 884-9694
FAX: (520) 323-4613
4 | Scott D. Gibson, PCC 20430, State Bar No. 007395
sdgecf@lawtkg.com
5 | *Attorneys for Debtors*

6 | **IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF ARIZONA**

7 |

8 | In re

9 | ARRON COLE RUBIN AND
JESSICAMARIE RUBIN

10 |

11 | Debtors.

In Proceedings Under
Chapter 11

CASE NO. 4:13-bk-01496-BMW

**INDIVIDUAL DEBTOR'S
CHAPTER 11 PLAN OF
REORGANIZATION**

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code provides for restructuring of the debts of the above-named Debtors. If confirmed, the Plan will bind all creditors provided for in the Plan, whether or not they file a proof of claim, accept the Plan, object to confirmation, or have their claims allowed. All creditors should refer to Articles I-IV of this Plan for the precise treatment of their claims. A disclosure statement (the "Disclosure Statement") that provides additional information is being served with this Plan. The disclosure Statement is explanatory only; the language used in the Plan is binding. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one.**

I.    <u>**TREATMENT OF UNCLASSIFIED CLAIMS**</u>

Under § 1123(a)(1)(i) administrative expense claims allowed under § 503(b) and entitled to priority under § 507(a)(2) (including the claims of professionals, United States Trustee fees, and postpetition domestic support obligations; (ii) involuntary gap period claims under § 507(a)(3); and (iii) priority tax claims under § 507(a)(8) are not classified and are not entitled to vote on confirmation of the Plan. These claims shall be treated as follows:

**A.** **Professional Fees.** Professional fees may only be paid upon application to and approval by the court. The Debtors will pay professional fees in full in cash on the later of (i) the Effective Date or (ii) upon court order, except to the extent that a holder of such claim agrees to other terms.

**B.** **Other Administrative Claims.** The Debtors will pay other claims allowed under § 503(b) and entitled to priority under § 507(a)(2), including domestic support obligations arising postpetition[1] and United States Trustee fees, in full on the Effective Date (although expenses arising and paid in the ordinary course of Debtor's' financial affairs may be paid as due), except to the extent that a holder of these claims agrees to other terms.[2]

**C.** **Tax Claims.** None

**D.** **Involuntary Gap Period Claims pursuant to § 507(a)(3).** None

**II.** **CLASSIFICATION AND TREATMENT OF CLAIMS**

**Classes 1(a)-(e): Priority Claims.**

These impaired classes include allowed unsecured claims entitled to priority under §507 (except administrative claims entitled to priority under § 507(a)(3) and priority tax claims under § 507(a)(8), which are unclassified and treated in Article I). For instruction on voting, see Part 2 of the Disclosure Statement. If any Class does not vote to accept the Plan, then each claim in the non-accepting class will be paid in full on the Effective Date (except to the extent a holder of a claim in the class agrees to other terms). Creditors in Class 1 are treated as follows (Check each box that applies):

X     Debtors have no creditors in Class 1.

☐     Class 1(a): Unsecured domestic support obligation claims entitled to priority under § 507(a)(1). Debtor proposes to pay each claim in Class 1(a) in full over _____ years, with _____ % postconfirmation interest. Payments will be made in equal ☐ monthly ☐ quarterly amortized

---

1 Section 1129(a)(14) requires payment of all domestic support obligations arising postpetition.

2 Section 1129(1)(9)(A) requires payment in full of administrative expenses on the Effective Date.

installments, due on the first day of each calendar ☐ month ☐ quarter, starting on the first such date after the Effective Date. This class is impaired and entitled to vote on confirmation of the Plan.

☐ Class 1(b): Wage and commission claims entitled to priority under § 507(a)(4). The Debtor proposes to pay each claim in Class 1(b) in full over _____ years, with _____% postconfirmation interest. Payments will be made in equal ☐ monthly ☐ quarterly amortized installments, due on the first day of each calendar ☐ month ☐ quarter, starting on the first such date after the Effective Date. This class is impaired and entitled to vote on confirmation of the Plan.

☐ Class 1(c): Employee benefit plan contribution claims entitled to priority under § 507(a)(5). The Debtor proposes to pay each claim in Class 1(c) in full over _____ years, with _____% postconfirmation interest. Payments will be made in equal ☐ monthly ☐ quarterly amortized installments, due on the first day of each calendar ☐ month ☐ quarter, starting on the first such date after the Effective Date. This class is impaired and entitled to vote on confirmation of the Plan.

☐ Class 1(d): Grain producer and fisherman claims entitled to priority under § 507(a)(6). The Debtor proposes to pay each claim in Class 1(d) in full over _____ years, with _____% postconfirmation interest. Payments will be made in equal ☐ monthly ☐ quarterly amortized installments, due on the first day of each calendar ☐ month ☐ quarter, starting on the first such date after the Effective Date. This class is impaired and entitled to vote on confirmation of the Plan.

☐ Class 1(e): Consumer deposit claims entitled to priority under § 507(a)(7). The Debtor proposes to pay each claim in Class 1(e) in full over _____ years, with _____% postconfirmation interest per annum. Payments will be made in equal ☐ monthly ☐ quarterly amortized installments, due on the first day of each calendar ☐ month ☐ quarter, starting on the first such date after the Effective Date. This class is impaired and entitled to vote on confirmation of the Plan.

**Class 2: Secured claims on Debtors' principal residence.**

A. Unimpaired secured claims on Debtors' principal residence. These classes include claims secured solely by the Debtors' principal residence. All arrearages shall be paid on, or as soon as practicable after, the Effective Date unless the holder of the claim agrees to other terms. Regular

payments shall be made as they come due based on their respective governing loan documents, and except with respect to curing the arrearages, the Plan does not alter the legal, equitable or contractual rights of the creditor. The Debtors shall maintain current payments and the Plan must not otherwise alter the legal, equitable or contractual rights of the creditors to which that claim entitles the holder of the claim.

<u>These classes are unimpaired and not entitled to vote on the Plan.</u>

Class 2(a):   Secured claim of: <u>Fidelity National Title Agency</u>
Property address or description of collateral: 2625 E. Prince, Tucson, AZ 85716
Priority of lien: First
Total amount of allowed claim: $ 87,000 +/-
Amount of arrearages: $ 0.00

**Class 3: Unimpaired secured claims on property other than the Debtors' principal residence.**

None

**Class 4: Unimpaired secured claims on Collateral to be Surrendered by Debtors.**

None

**Class 5: Impaired Real Estate secured claims.**

The following classes include claims secured by a lien on real property other than the Debtors' principal residence in which Debtors have an interest, other than the secured claims in Class 2 and the unimpaired secured claims in Classes 3 and 4.

The Class 5 Claimants shall retain their lien and security interest in and to the real property securing said Claim. The Allowed Amount of the Class 5 Allowed Secured Claim shall be paid as follows:

a.     <u>Payment of Principal and Interest.</u>

The holder of the Class 5 Allowed Secured Claims shall receive deferred cash payments of interest and principal based upon the amount of each Class 5 Claimants claim as determined in accordance with Bankruptcy Code §506. Unless a Class 5 Claimant requests a valuation of it collateral in accordance with §506, the value of the Collateral shell be determine the value assigned to such property in the Plan, with such value to be hereafter referred to as the "Restated Principal" of each such claim. Commencing on the 1st day of the second calendar month following the Effective Date and on the 1st day of each month thereafter, the Restated

Case 4:13-bk-01496-BMW   Doc 65-1   Filed 09/19/13   Entered 09/19/13 13:50:24   Desc
PLAN 05302013
Exhibits A-D   Page 5 of 23

Principal of each Class 5 Claimant, shall be paid in installments of principal and interest at a market rate to be determined by the Court (estimated to be 4.0%) amortized over a period of thirty (30) years.

   **b.**  **Calculation of Interest.**

    Interest on the Class 4 Claims shall be paid in arrears and shall be calculated on the basis of a 365-day year.

   **c.**  **Optional Prepayment.**

    The Class 5 Claims shall be pre-payable in whole or in part, without premium or penalty, at any time.

    The following chart lists Class 5 claims and their proposed treatment under the Plan:

Class 5(a): Secured claim of: Bank of America
    Property address or description of collateral: 2112 E. 18th St, Tucson, AZ 85719
    Priority of lien: First
    Value of Collateral: $75,000
    Restate Principal Balance: $75,000

Class 5(b): Secured claim of: GMAC Mortgage (or its successors or assigns)
    Property address or description of collateral: 2107 E. Silvosa, Tucson, AZ 85713
    Priority of lien: First
    Value of Collateral: $41,400
    Restated Principal Balance: $41,400

Class 5(c): Secured claim of: Green Tree Servicing
    Property address or description of collateral: 2619 E. Prince, Tucson, AZ 85716
    Priority of lien: First
    Value of Collateral: $230,000
    Restated Principal Balance: $230,000

    If a secured creditor disputes the value of its collateral as stated above, that secured creditor must timely file an objection to confirmation of the Plan, or the value stated by Debtors may be determined to be the value of the collateral. The objection must be accompanied by competent evidence of valuation. If the value of the collateral is disputed, the court may schedule a separate hearing to determine value. An amount of a Class Five claim in excess of the Restated Principal Balance shall be treated as a Class 7 Claim.

Case 4:13-bk-01496-BMW Doc 65-1 Filed 09/19/13 Entered 09/19/13 13:50:24 Desc
PLAN 05302013
Exhibits A-D Page 6 of 23

**Class 6:  Impaired Non- Real Estate secured claims.**

The following classes include claims secured by a lien on personal property other than the Debtor's principal residence in which Debtors have an interest, other than the secured claims in Class 2 and 5 and the unimpaired secured claims in Classes 3 and 4.

The Class 6 Claimants shall retain their lien and security interest in and to the personal property securing said Claim.  Commencing of the first day of the second calendar month following the Effective Date, the Allowed Amount of the Class 5 Allowed Secured Claim  (as of such date) shall be paid in 60 monthly installments of principal and interest calculated at the lower of the contract rate or 7% simple interest per annum.  Until payments commence on the Class 6 Claims under the Plan, the Debtors shall continue to make regular monthly payments to the Class 6 Claimants.

Class 6(a):   Secured claim of: GE Capital Retail Bank
              Property address or description of collateral: Household Appliances
              Priority of lien: First
              Total amount of allowed claim: $6,000 +/-

Class 6(b):   Secured claim of:  Weiss Guys Auto Sales
              Property address or description of collateral: 2010 Mercedes
              Priority of lien: First
              Total amount of allowed claim :  $19,000 +/-

Class 6(c):   Secured claim of:  Weiss Guys Auto Sales
              Property address or description of collateral: 2008 Honda
              Priority of lien: First
              Total amount of allowed claim :  $5,000 +/-

**Class 7:  General Unsecured Claims.**

☐     Class 7(a): Smaller Unsecured Claims:  This class includes any allowed unsecured claim  of  $_____  or  less  and  any  allowed  unsecured  claim  larger  than $_____  but whose holder agrees to reduce its claim to $_____ .  Each member of this class shall receive on the Effective Date, or as soon as practicable thereafter, a single payment equal to 100% of the allowed claim.  This class is unimpaired and not entitled to vote on the Plan.

X    Class 7(b):  Other General Unsecured Creditors.  This class includes all allowed unsecured claims not in Class 7(a) and not entitled to priority.  Each member of Class 7(b) shall be paid pro rata of the funds available to Class 7 Claimants of over 5 years in equal quarterly installments, due on the first day of each calendar quarter, without interest starting on the first such date after the Effective Date.

This class is impaired and entitled to vote on confirmation of the Plan.  For instructions on voting, see Part 2 of the Disclosure Statement.

Undisputed Class 7 claims, as of this date, are listed on Exhibit "B" to the Disclosure Statement.

## III.  ALLOWANCE AND DISALLOWANCE OF CLAIMS

A.    Disputed Claim.  A disputed claim is a claim that has not been allowed or disallowed and as to which either: (i) a proof of claim has been filed or deemed filed and the Debtors or another party in interest has filed an objection; or (ii) no proof of claim has been filed and the Debtor has scheduled such claim as disputed, contingent, unliquidated or unknown.

B.    Delayed Distribution on Disputed Claims.  No distribution will be made on account of that portion of a claim that is disputed unless it is allowed by final nonappealable order.

C.    Settlement of Disputed Claims.  The Debtors will have the power and authority to settle and compromise a disputed claim with court approval and compliance with FRBP 9019 unless the amount by the compromise does not exceed $500, in which case no court approval is necessary.

## IV.  EXECUTORY CONTRACTS AND UNEXPIRED LEASES

A.    Executory Contracts and Leases Assumed.  The Debtors assume the executory contracts and unexpired leases enumerated in Exhibit "C" to the Disclosure Statement, effective upon Effective Date, and shall perform all obligations thereunder, both preconfirmation and postconfirmation.  Any preconfirmation arrearages shall be paid by the Effective Date, unless the parties agree otherwise or the court finds that a proposed payment schedule provides timely cure and adequate assurance of future performance.  Postconfirmation obligations will be paid as they come due.

B.  Executory Contracts and Leases Rejected.  The Debtors are conclusively deemed to have rejected all executory contracts and/or unexpired leases not previously assumed or listed in Exhibit "C" to the Disclosure Statement as of the Effective Date.  A proof of claim arising from the rejection of an executor contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan.  Claims arising from the rejection of an executor contract or unexpired lease under this section are general unsecured claims in Class 7, except to the extent this court orders otherwise.

## V.  MEANS OF IMPLEMENTATION

The Plan will be funded through (*Check each box that applies*):

a.  ☐  $_____ of cash available on the date of the Plan confirmation hearing;

b.  ☐  A sale of the property (*describe*)

described in the Plan, which the Debtors estimate will produce $_____;

c.  X  additional cash from projected disposable income (projected to be $110/month for the 5 year(s) following confirmation); and/or

d.  ☐  other sources of funding, as follows:

Please see Part 3 of the Disclosure Statement for further details of these projections.

## VI.  DISCHARGE AND OTHER EFFECTS OF CONFIRMATION

A.  Discharge.  Upon completion of all payments under the Plan, the Debtors shall receive a discharge of all preconfirmation debts, whether or not the creditor files a proof of claim, or accepts the Plan, unless the court orders otherwise.  Such discharge will not discharge Debtors from any debts that are nondischargeable under § 523 or the obligations created by this Plan.

B.  Vesting of Property.  On the Effective Date, all property of the estate will vest in the reorganized Debtors pursuant to § 1141(b), free and clear of all claims and interests except as provided in the Plan.

C.  Plan Creates New Obligations.  Except as otherwise stated in the Plan, the payments promised in the Plan constitute new contractual obligations that replace those obligations to creditors that existed prior to the Effective Date.

D.     Creditor Action Restrained.   Creditors may not take any action to enforce either preconfirmation obligations or obligations due under the Plan, so long as the Debtor is not in material default under the Plan.  If the Debtors is in material default under the Plan, affected creditors may: (i) take any action permitted under nonbankruptcy law to enforce the terms of the Plan; or (ii) move to dismiss this case or to convert this case to a chapter 7 bankruptcy case.

E.     Material Default Defined.  If Debtors fail to make any payment required under the Plan, or to perform any other obligation required under the Plan for more than 14 days after the time specified in the Plan, the affected creditor may serve upon Debtors and Debtors' attorney (if any) a written notice of default.  The Debtor is in material default under the Plan if the Debtors fail within 21 days of the service of such notice of default, plus 3 additional days if served by mail, either: (i) to cure the default or (ii) to obtain from the court an extension of time to cure the default or a determination that no default occurred.

F.     Retention of Jurisdiction.  This court retains jurisdiction until all Plan payments have been made.

## VII.    GENERAL PROVISIONS

A.     Definitions and Rules of Construction.  The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in the Plan.

B.     Effective Date of Plan.  The Effective Date of the Plan is 14 days following the date of the entry of the order confirming the Plan.  But, if a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after the date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

C.     Cramdown.  Debtor reserves the right to seek confirmation of the Plan notwithstanding the rejection of the Plan by one or more classes of creditors, pursuant to § 1129(b).

D.     Binding Effect.  The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

E.  Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of the Plan.

F.  Controlling Effect.  Unless a rule of law or procedure is supplied by Federal law (including the Bankruptcy Code or FRBP), the laws of the State of Arizona govern the Plan and any agreements, documents, and instruments executed in connection with the Plan, except as otherwise provided in this Plan.

G.  Final Decree.  Pursuant to FRBP 3022, a Final Decree may be entered at such time the Plan is substantially consummated and may be reopened to enter the Discharge once the Plan has been fully consummated..

H.  Miscellaneous Provisions.  None

DATED this ___3___ day of June, 2013.

THOMPSON•KRONE•GIBSON, P.L.C.

By: _Scott D. Gibson_____
    Scott D. Gibson
    *Attorneys for*

CERTIFICATE OF SERVICE

Original electronically filed and copies of the foregoing served via the Court's CM/ECF Notification System this ___3___ day of June, 2013, on all Electronic Case Filing Participants that have appeared in the above-captioned case, or U.S. Mail to parties not registered through CM/ECF.

Renee Sandler Shamblin
United States Trustee
230 N. First Ave., Suite 204
Phoenix, AZ  85003

Pite Duncan, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA  92177-0933
Attorneys for GMAC and Bank of America

Jason P. Sherman
Kristin E. Wick
Shapiro, Van Ess and Sherman, LLP
File 13-018442 GRT
3636 N. Central Ave., Suite 400
Phoenix, AZ  85012
Attorneys for Green Tree Servicing, LLC

Green Tree Servicing, LLC
1400 Turbine Drive
Rapid City, SD  57701
Creditor

By: _Maria Calderon_

# EXHIBIT "B"

In re  AARON COLE RUBIN · JESSICA MARIE RUBIN          Case No. 4-13-bk-01496-BMW
_____                    _____
                         Debtors                                        (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐     Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  999997****<br><br>ACS/Sallie Mae<br>501 Bleecker Street<br>Utica, NY 13501 | | J | 05/01/2001<br><br>Education Loan | | | | 13,619.00 |
| ACCOUNT NO.  540168303423***<br><br>Chase Bank<br>PO Box 15298<br>Wilmington, DE 19850 | | J | 11/01/2006<br><br>Credit Card | | | | 699.00 |
| ACCOUNT NO.  464018206436****<br><br>Chase/Amazon.com<br>PO Box 94014<br>Palatine, IL 60094-4014 | | J | <br><br>Credit Card | | | | 1,691.16 |
| ACCOUNT NO.  60110089034<br><br>Discover Financial Svcs, LLC<br>PO Box 15316<br>Wilmington, DE 19850 | | J | 01/01/1997<br><br>Credit Card | | | | 4,898.00 |
| ACCOUNT NO.  603532037591****<br><br>THD/CBNA<br>PO Box 6497<br>Sioux Falls, SD 57117 | | J | 10/03/2012<br><br>Revolving | | | | 466.00 |

0   Continuation sheets attached

|  | Subtotal > | $ | 21,373.16 |
|---|---|---|---|
|  | Total > | $ | 21,373.16 |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

# EXHIBIT "C"

In re: <u>AARON COLE RUBIN   JESSICA MARIE RUBIN</u>          ,     Case No. <u>4-13-bk-01496-BMW</u>
                          Debtors                                                                              (If known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| Chris Maldonado<br>2107 E. Silvosa Street<br>Tucson, AZ 85712 | Residential Lease of Debtors' Property<br>2107 E. Silvosa Street<br>Tucson, AZ 85713 |
| Collin O' Bryant, Andrew Coley<br>& Derek Deminski<br>2619 E. Prince Rd., Unit A<br>Tucson, AZ 85716 | Residential Lease of Debtors' Property<br>2619 E. Prince Rd., Unit A<br>Tucson, AZ 85716 |
| Donald Toland & Victoria Sanderlin<br>2619 E. Prince Rd., Unit C<br>Tucson, AZ 85716 | Residential Lease of Debtors' Property<br>2619 E. Prince Rd., Unit C<br>Tucson, AZ 85716 |
| Leah Lensink<br>2619 E. Prince Rd., Unit B<br>Tucson, AZ 85716 | Residential Lease of Debtors' Property<br>2619 E. Prince Rd., Unit B<br>Tucson, AZ 85716 |
| Marvin Lohenia<br>2112 E. 18th Street, Unit A<br>Tucson, AZ 85719 | Residential Lease of Debtors' Property<br>2112 E. 18th Street, Unit A<br>Tucson, AZ 85719 |
| Sean Rauch and Bethany Wigtil<br>2112 E. 18th Street Unit B<br>Tucson, AZ 85719 | Residential Lease of Debtors' Property<br>2112 E. 18th Street, Unit B<br>Tucson, AZ 85719 |

# EXHIBIT "D"

In re:  **AARON COLE RUBIN   JESSICA MARIE RUBIN**   
_____   
**Debtors**

Case No. **4-13-bk-01496-BMW**   
_____   
(If known)

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| 2107 E. Silvosa Street Tucson, AZ 85713 | Fee Owner | H | $ 41,400.00 | $ 76,815.00 |
| 2112 East 18th Street Tucson, AZ 85719-6916 | Fee Owner | W | $ 75,000.00 | $ 103,186.00 |
| 2619 E. Prince Road Tucson, AZ 85716-1155 | Fee Owner | H | $ 230,000.00 | $ 360,000.00 |
| Primary Residence 2625 E. Prince Road Tucson, AZ 85716 | Fee Owner | J | $ 176,000.00 | $ 87,000.00 |

Total ➤ $ 522,400.00

(Report also on Summary of Schedules.)

In re   **AARON COLE RUBIN   JESSICA MARIE RUBIN**                                    Case No.   **4-13-bk-01496-BMW**
                                    Debtors                                                                              (If known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Wells Fargo Checking - ****2570 | W | 476.21 |
| Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Wells Fargo Checking - ****8727 | H | 12,131.35 |
| Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Wells Fargo Savings - ****3452 | H | 0.04 |
| Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Wells Fargo Savings - ****8703 | W | 0.02 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | 1 Chair | | 75.00 |
| Household goods and furnishings, including audio, video, and computer equipment. | | 1 couch | | 150.00 |
| Household goods and furnishings, including audio, video, and computer equipment. | | 1 Dresser | | 100.00 |
| Household goods and furnishings, including audio, video, and computer equipment. | | 1 Refrigerator | | 200.00 |

In re **AARON COLE RUBIN   JESSICA MARIE RUBIN**          Case No.   **4-13-bk-01496-BMW**
_____                              _____
                          Debtors                                           (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 4. Household goods and furnishings, including audio, video, and computer equipment | | 1 Rug | | 20.00 |
| Household goods and furnishings, including audio, video, and computer equipment. | | 1 Stove | | 200.00 |
| Household goods and furnishings, including audio, video, and computer equipment. | | 1 Television and Stereo | | 250.00 |
| Household goods and furnishings, including audio, video, and computer equipment. | | 1 vacuum cleaner | | 25.00 |
| Household goods and furnishings, including audio, video, and computer equipment | | 1 Washing Machine and 1 Dryer | | 350.00 |
| Household goods and furnishings, including audio, video, and computer equipment. | | 2 Beds | | 800.00 |
| Household goods and furnishings, including audio, video, and computer equipment. | | Bedding | | 40.00 |
| Household goods and furnishings, including audio, video, and computer equipment. | | Coffee table | | 25.00 |
| Household goods and furnishings, including audio, video, and computer equipment. | | Kitchen table and chairs | | 125.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Books | | 150.00 |
| 6. Wearing apparel. | | Clothing | | 500.00 |
| 7. Furs and jewelry. | | Jewelry | | 200.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | 1 Bicycle and 1 Sewing Machine | | 200.00 |
| | | | | |

In re    **AARON COLE RUBIN    JESSICA MARIE RUBIN**       Case No.   **4-13-bk-01496-BMW**

                      Debtors                                                       (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 8. Firearms and sports, photographic, and other hobby equipment. | | **1 Guitar** | | 100.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **SBLI $1M term life insurance policy Aaron** | H | 0.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give Particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **AA Doodads, LLC - member** | H | 0.00 |
| Stock and interests in incorporated and unincorporated businesses. Itemize. | | **Agar Investments, LLC** | H | 0.00 |
| Stock and interests in incorporated and unincorporated businesses. Itemize. | | **Siamo Vivi, LLC - member** | H | 0.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |

In re  **AARON COLE RUBIN   JESSICA MARIE RUBIN**
Debtors

Case No.  **4-13-bk-01496-BMW**
(If known)

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property.  Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles.  Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 1987 Mercedes 300SDL | | 3,000.00 |
| Automobiles, trucks, trailers, and other vehicles and accessories. | | 2008 Honda Civic Hybrid | | 10,000.00 |
| Automobiles, trucks, trailers, and other vehicles and accessories. | | 2010 Mercedes c300 | J | 22,495.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | Office Equipment | | 75.00 |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |

In re  **AARON COLE RUBIN   JESSICA MARIE RUBIN** _____     Case No. **4-13-bk-01496-BMW** _____
                                                                                                          (If known)
                           **Debtors**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

        __4__    continuation sheets attached          Total  >   |  $ 51,687.62

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)